UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARRIME L. STRATTON,

Plaintiff,

-against-

ST. LUKES HOSPITAL; CITY OF NEWBURGH POLICE; JOHN DOE DISCHARGE DOCTOR; JOHN DOE CITY OF NEWBURGH POLICE DEPARTMENT,

Defendants.

1:25-CV-10402 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Carrime L. Stratton, who currently is incarcerated in the Wallkill Correctional Facility, brings this action *pro se* asserting claims of violations his federal constitutional rights and seeking unspecified relief. He names as Defendants: (1) "St. Luke's Hospital," which the Court understands to be Montefiore/St. Luke's Cornwall ("MSLC"), a private hospital located in Newburgh, New York; (2) the City of Newburgh Police Department ("NPD"); (3) an unidentified "John Doe" discharge physician employed at MSLC; and (4) an unidentified "John Doe" NPD Police Officer. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983 as well as claims under state law.

By order dated December 18, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees.[1] For the reasons set forth below, the Court dismisses this action.

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following facts are drawn from the complaint:[2] On an unspecified date, while Plaintiff was in the Newburgh Free Library, paramedics were called and they brought Plaintiff to MSLC. At that hospital, Plaintiff told a physician that he believed that he had been poisoned; after performing tests, the physician confirmed that Plaintiff had indeed been poisoned. Plaintiff was then transported to another facility for detoxification where he stayed for 72 hours. Officials there then told him that he had to be discharged because the NPD wanted to question him. Plaintiff was then transported to the NPD to give a statement. There, an NPD police officer told him "you should go out and think about this and if you are sure come back." (ECF 1, at 4.)

Plaintiff believes that "they sent [him] back out in hopes of . . . dying [be]cause [he] was addicted to drugs. They failed to protect and serve [Plaintiff]. Due to [his] complaint about the case with [his] girlfriend that [the court is] looking over, currently[,] [t]hese acts are unfair and unreasonable."[3] (*Id.* at 4-5.) Plaintiff questions "why would they want [him] to die [and] why won't they investigate the attempt on [his] life." (*Id.* at 5.)

## DISCUSSION

### A. Claims under 42 U.S.C. § 1983 against MSLC and the "John Doe" physician

The Court must dismiss Plaintiff's claims against MSLC and the "John Doe" physician. A claim for relief under Section 1983 must allege facts showing that a defendant acted under the

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

[3] Plaintiff does not specify the case to which he is referring.

color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted, emphasis in original)). Absent special circumstances not present here, private entities are not considered to be state actors, *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . ." (internal quotation marks and citations omitted)), including private health-care providers, *see Meadows*, 963 F.3d at 243; *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229-30 (2d Cir. 2014).

Plaintiff has alleged no facts showing that MSLC and the "John Doe" physician acted as state actors when they allegedly violated his federally protected rights. The Court therefore dismisses Plaintiff claims under Section 1983 against these Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Claims under Section 1983 against the NPD and the "John Doe" NPD Police Officer**

To the extent that Plaintiff asserts claims under Section 1983 against the NPD and the "John Doe" NPD Police Officer arising from violations of purported duties to investigate Plaintiff's alleged poisoning or to protect him from harm, the Court must dismiss such claims. Government officials generally have no federal constitutional duty to investigate or protect an individual from harm. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005);

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *see also Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) (Vyskocil, D.J.) ("[T]here is no constitutional right to an adequate investigation . . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983." (internal quotation marks and citation omitted)).

There are two recognized exceptions to this general rule: (1) "when [a government official] takes a person into [his/her] custody and holds [the person] there against [the person's] will, the Constitution imposes upon [the government official] a corresponding duty to assume some responsibility for [the person's] safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) when a government official affirmatively creates or increases a danger to a plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that the government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

Plaintiff does not allege that any member of the NPD placed him into custody against his will or created or increased a danger to him. And even if Plaintiff did allege such facts, he alleges nothing to suggest that any member of the NPD's behavior was so egregious or outrageous that it would shock the contemporary conscious. Accordingly, the Court dismisses Plaintiff's Section 1983 claims that arise from violations of purported duties to investigate or protect Plaintiff from harm.[4] *See* § 1915(e)(2)(B)(ii).

[4] If there is no underlying constitutional violation, such as here, the Court need not examine whether the municipal entity, like the NPD, is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

**C. Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed all of the claims over which the Court has original subject-matter jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [Section] 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this order. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: November 14, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.